NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GILBERTO BERNABE-BERNABE, | No. 24-3025 |
| Petitioner, | Agency No. A216-051-357 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2025**
Portland, Oregon

Before: TALLMAN, OWENS, and VANDYKE, Circuit Judges.

Gilberto Bernabe-Bernabe, a native and citizen of Mexico, petitions for review from the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1. Bernabe waived any challenge before this Court to the IJ's multiple dispositive determinations as to his asylum, humanitarian asylum, and withholding of removal claims by not making any arguments to the BIA challenging them. *See Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc) (noting that the BIA may "decline to review an argument when a petitioner has not properly raised the argument on appeal to the BIA"). Under 8 U.S.C. § 1252(d)(1), an applicant's failure to raise an issue to the BIA generally constitutes a failure to administratively exhaust. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (noting that "[e]xhaustion requires a non-constitutional legal claim . . . to have first been raised in the administrative proceedings below"). While the administrative exhaustion requirement under 8 U.S.C. § 1252(d)(1) is not jurisdictional, it is a claim-processing rule that we "must enforce" when it is "properly raise[d]." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (citation omitted).

2. Substantial evidence supports the BIA's denial of CAT protection. As the agency noted, evidence of general country conditions in Mexico—upon which Bernabe's CAT claim relies—does not establish that he is "more likely than not" to face an individualized risk of torture "by or at the instigation of or with the consent

or acquiescence of a public official" if returned to Mexico. *Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021) (quoting 8 C.F.R. § 208.18(a)(1)) ; *see also Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("Generalized evidence of violence and crime is insufficient to establish a likelihood of torture."). To the contrary, Bernabe testified that, aside from relatives who may incorrectly believe Bernabe has money, "[n]o one else" in Mexico would want to harm him if he returned. This record does not compel the conclusion Bernabe is entitled to CAT protection.

3. The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.